**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------------**

DAVID REYNOLDS,

                 Petitioner,

       v.                               No. 05-CV-1539
                                     (DNH/ DRH)

GARY GREENE, Superintendent,

                 Respondent.

**-----------------------------------------------------------------**

**APPEARANCES:**                  **OF COUNSEL:**

DAVID REYNOLDS
Petitioner Pro Se
No. 94-B-1249
Elmira Correctional Facility
Post Office Box 500
Elmira, New York 14902

HON. ANDREW M. CUOMO          LUKE MARTLAND, ESQ.
Attorney General for the State      ALYSON J. GILL, ESQ.
   of New York                  Assistant Attorneys General
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Petitioner pro se David Reynolds ("Reynolds") is currently an inmate in the custody of

the New York State Department of Correctional Services ("DOCS") at Elmira Correctional

Facility. Reynolds was found guilty on January 26, 1998 of assault and promoting prison

contraband after a jury trial in St. Lawrence County. Reynolds was sentenced to a total

indeterminate prison term of twelve years to life. Reynolds now seeks a writ of habeas corpus

---

[1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

pursuant to 28 U.S.C. § 2254 alleging that he received ineffective assistance of trial counsel in violation of his federal constitutional rights.  For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On April 23, 1996, Reynolds was an inmate at the Gouverneur Correctional Facility in St. Lawrence County.  T. 82-83.[2]  On that date, Reynolds and Derrick Coe were involved in a physical altercation with another inmate at the prison.  T. 86-88.  During this altercation, Reynolds was seen stabbing the other inmate with a saw-blade.  T. 88, 108. At that meeting, Reynolds' case and criminal history were discussed and counsel advised Reynolds as to what sentences might be imposed should Reynolds be found guilty after trial. H. 69.  Counsel sent Reynolds a letter on November 6, 1996 stating that the District Attorney's Office had conveyed a plea offer of either Attempted Assault in the Second Degree or Assault in the Second Degree. H. 11-13.[3]  Counsel also stated in the letter that Reynolds would not receive persistent violent felony offender treatment whether he accepted the plea offer or decided to go to trial.  H. 25-26, 53-54.

On February 26, 1997, Counsel sent Reynolds another letter stating that the specific plea offer was Assault in the Second Degree in exchange for a sentence of two to four years in prison, which would run concurrently with the sentence Reynolds was currently serving.  H.

---

[2] "T." followed by a number refers to the pages of the trial transcript included with respondent's answer.  Docket No. 10, Ex. R.

[3] "H." followed by a number refers to the pages of the post-conviction hearing transcript dated December 15, 2003 included with respondent's answer.  Docket No. 10, Ex. R.

14-15.  Reynolds sent a letter back to Counsel on March 3, 1997 in which Reynolds agreed to accept the plea only if the two-to-four year sentence would run concurrent to the sentence he was serving from the beginning of that sentence.  H. 61.  This condition was not acceptable to the District Attorney and the case went to trial on October 28, 1997.  H. 59.  Reynolds was convicted.  The trial court then imposed a total sentence of twelve years to life imprisonment based on the court's determination that Reynolds was a persistent violent felony offender.  T. 431-33.

Represented by new counsel, Reynolds appealed the conviction and sentence, asserting, inter alia, a claim of ineffective assistance of trial counsel.  The Appellate Division affirmed the judgement in a decision and order dated May 17, 2001.  People v. Reynolds, 728 N.Y.S.2d 503 (3d Dep't 2001).  Reynolds sought leave to appeal to the New York Court of Appeals, which was denied on June 29, 2001.  People v. Reynolds, 754 N.E.2d 1124 (N.Y. 2001).  Reconsideration was also denied by the Court of Appeals on August 7, 2001.  People v. Reynolds, 758 N.E.2d 666 (N.Y. 2001).

On March 14, 2002,  Reynolds moved pursuant to N.Y. Crim. Proc. Law § 440.10 to vacate his judgement of conviction based on the ineffective assistance of trial counsel during plea negotiations.  See Docket No. 10, Ex. F.  The trial court denied the motion on April 29, 2002 without a hearing on the grounds that the Appellate Division had already determined that issue.  Docket No. 10, Ex. J.  Reynolds appealed this denial and the Appellate Division reversed, holding that Reynolds had raised an issue that was not reviewable on direct appeal and the issue was sufficient to require a hearing.  People v. Reynolds, 766 N.Y.S.2d 142, 143 (3d Dep't 2003).

The trial court held a hearing on the motion on December 15, 2003.  H. 1.  At the

-3-

hearing, Reynolds' trial counsel testified that although he could not remember most of the events surrounding the plea negotiations, the letters he sent Reynolds were evidence that he did not believe that persistency would attach in any form, be it persistent violent felony offender[4] or persistent felony offender,[5] should Reynolds choose to accept the plea or go to trial. Counsel conceded that if Reynolds had taken a plea to Assault in the Second Degree, the court would not have been able to impose the two-to-four year sentence because of Reynolds' past felony convictions.[6]  H. 47-49.  In an order dated January 30, 2004, the trial court denied the § 440 motion, reasoning that the court would never have accepted a plea of Assault in the Second Degree conditioned on a promise of two-to-four years concurrent prison time once the court learned of Reynolds' prior convictions.  See Docket No. 10, Ex. N. The court found that Counsel's representation was not tantamount to ineffective assistance of counsel because "more accurate advice as to the possible sentence would not have produced a different result." See id. at 5.  Had the plea been accepted, the court said, the sentence would have been illegal, would have been vacated, and Reynolds' would have had to go to trial regardless.  See id. at

---

[4]An individual qualifies as a persistent violent felony offender if he or she "stands convcited of a violent felony offense" and has been previously convicted of "two or more . . . violent felony" offenses.  N.Y. Penal Law § 70.08(1)(a).  If determined to be a persistent violent felony offender, "the court must impose" an enhanced sentence of at least twelve years to life imprisonment.  Id. at § 70.08((2), 3(c).

[5]A person qualifies as a persistent felony offender if convicted of a non-violent felony, such as attempted assault in the second degree or promoting prison contraband, after previous convictions for two or more violent or non-violent felonies.  N.Y. Penal Law § 70.10.  If such a determination is made, the sentencing court then has the discretion, but is not required, to impose the sentence authorized for conviction for a class A-1 felony of from fifteen years to life imprisonment.  Id.; N.Y. Penal Law § 70.00(2)(a), (3)(a).

[6]Reynolds had been convicted in 1993 of attempted robbery and attempted burglary, both class D violent felonies, and in 1994 of assault, also a class D violent felony.  Transcript of Sentencing Hrg. at 2-4.

4-5.

Reynolds appealed the trial court's order to the Appellate Division, which found that Counsel had provided effective assistance because the plea offer contained an unlawful sentence which Counsel only learned later was unavailable to Reynolds because of his criminal history. See People v. Reynolds, 796 N.Y.S.2d 724 (3d Dep't 2005). Reynolds' application for leave to appeal to the New York Court of Appeals was denied on September 20, 2005. See People v. Reynolds, 804 N.Y.S.2d 46 (2005). This action followed.

## II. Discussion

Reynolds sole claim is that his counsel was ineffective for advising him correctly of his sentencing exposure before trial, which Reynolds contends affected his decision whether to go to trial or accept the plea offered by the District Attorney's Office. See Docket No. 1.[7]

Under the standards set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petition for habeas corpus relief may not be granted on any claims adjudicated on the merits in a state court proceeding unless the judgement was either contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).

A claim alleging ineffective assistance of counsel must show that counsel was not functioning as counsel guaranteed by the Sixth Amendment. Counsel's performance must have been deficient and that deficient performance must have prejudiced the defendant. Once this is shown, it cannot be said that the result of the proceeding is reliable. United States v.

---

[7]Respondent concedes that Reynolds' petition was timely and that he had exhausted state court remedies. Resp. Mem. of Law (Docket No. 10) at 14-15.

DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A defendant must demonstrate that counsel's errors were so serious that the defendant was deprived of a fair trial and that there was a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Strickland, 466 U.S. at 686. The proper measure of attorney performance is an objective standard of reasonableness in the totality of the circumstances under prevailing professional norms. Id. at 688; Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000).

Based on the record of the communications between Reynolds and Counsel in this case, it is evident that Counsel was deficient in failing properly to assess Reynolds' sentencing exposure in light of his prior criminal record. See Cullen v. United States, 194 F.3d 401, 404 (2d Cir. 1999); United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998). However, under the Strickland standard, Reynolds must also show that he was prejudiced by the deficient performance, and a failure to obtain an illegal sentence does not constitute prejudice under the Strickland standard. Aeid v. Bennett, 296 F.3d 58, 63 (2d Cir. 2002).

In Aeid, the petitioner's counsel conveyed a plea offer to the petitioner on a rape charge which would have required a sentence of five to fifteen years imprisonment. The petitioner's counsel incorrectly advised the petitioner that he faced exposure after trial of eight and one-third to twenty-five years imprisonment, believing the minimum to be one-third of the maximum. The prosecutor and the trial judge, under the same mistaken belief, approved the plea offer. However, a recent statutory amendment had changed the minimum to one-half the maximum, or twelve and -one half years. Relying on counsel's incorrect advice, the petitioner rejected the plea offer and was found guilty at trial. Before sentencing, the trial judge discovered the change in the law and sentenced the petitioner to twelve to twenty-four years imprisonment.

After exhausting state court appeals, the petitioner brought a federal habeas action.  Aeid, 296 F.3d at 61-62.

On the habeas proceeding, the petitioner then claimed that had his counsel correctly advised him of what he actually faced if convicted, he would have accepted the illegal plea offer.  Aeid, 296 F.3d at 59.  The Second Circuit, in rejecting the petitioner's claim, held that to show prejudice under the Strickland standard, the petitioner would have had to prove that if it were not for his counsel's deficient advice, the prosecution would have conveyed a new offer, more favorable than the sentence petitioner received after trial, and that petitioner would have accepted the offer.  Id.  The court also noted that:

> The prejudice inquiry "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.  Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. . . ."  Where Aeid was not entitled to an illegal sentence of 5 to 15 year, his counsel's deficient performance did not deprive him of a benefit to which the law entitled him.

Id. at 63. (citing Lockhart v. Fretwell, 506 U.S. 364, 372 (1993))(internal citations omitted).

Aeid is directly applicable here.  Reynolds was offered a plea with an illegal sentence of two to four years in prison which would run concurrently with the sentence Reynolds was currently serving.  A two-to-four year sentence would have been illegal in light of Reynolds' past felony convictions, so he was not entitled to that offer. Reynolds has failed to demonstrate that the prosecution in this case was ready to convey a new offer had they known of the illegality of their offer, that would have carried a sentence more favorable than the twelve years to life sentence that was imposed after trial.  Therefore, as in Aeid, although Reynolds' counsel was deficient in not communicating the appropriate sentencing exposure, Reynolds has failed to

-7-

show prejudice and to satisfy the second prong of the <u>Strickland</u> standard.

Therefore, the petition should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: January 12, 2007
        Albany, New York

*David R. Homer*
United States Magistrate Judge