UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID REYNOLDS,

Petitioner,

vs.

9:05-CV-01539

GARY GREENE,

Respondent.

APPEARANCES:                                OF COUNSEL:

DAVID REYNOLDS
94-B-1249
Petitioner, *pro se*
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. ANDREW M. CUOMO                        ALYSON J. GILL, ESQ.
Office of the Attorney General              Ass't Attorney General
Attorneys for Respondent
120 Broadway
New York, New York 10271

DAVID N. HURD
United States District Judge

## O R D E R

David Reynolds. ("petitioner" or "Reynolds"), filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 on December 8, 2005.  In the petition, he

challenged a January 26, 1998, judgment of conviction for second degree assault and

first degree promoting prison contraband, following a jury trial, . See Dkt. No. 1.

Reynolds argued that trial counsel was ineffective because he gave misleading

advice regarding whether petitioner would be treated as a persistent felony offender if

convicted following a trial.  Dkt. No. 1 at 6, Ground One.  The petition was referred to

Magistrate Judge David R. Homer who issued a Report-Recommendation and Order on January 12, 2007.  In the Report-Recommendation, the Magistrate Judge recommended that the petition be denied. Dkt. No. 15. In a Decision and Order filed May 2, 2007, the Report and Recommendation was adopted.  The petition was denied and dismissed.  Dkt. Nos. 18-19.  In a Mandate issued on September 28, 2007, the Second Circuit Court of Appeals denied petitioner's motion for a certificate of appealability, finding that he failed to make a "substantial showing of the denial of a constitutional right."  Dkt. No. 26 (quoting 28 U.S.C. § 2253(c)).

Presently before the Court is petitioner's motion, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, to reverse the denial of his petition for a writ of habeas corpus.  Dkt. No. 28.  Petitioner has also filed a motion for leave to proceed *in forma pauperis*, a motion for the appointment of counsel, and a motion for an evidentiary hearing.  Dkt Nos. 29-30.  For the reasons that follow, the Court will grant the motion to proceed *in forma pauperis* (Dkt. No. 29) solely for the filing of the motion.  For the reasons that follow, all of petitioner's other motions will be denied with prejudice.[1]

## I.  Petitioner's Request that a Three-Judge Panel Review his Motion

Petitioner has requested that his Rule 60(b) motion be heard by a three-judge panel.  See Dkt. No. 28 at 1 ("Notice of Motion Pursuant to 28 U.S. Federal Rules of Civil Procedure 60(b)(6)"). Petitioner's request will be denied because a three-judge panel is not warranted in this case.  See 28 U.S.C. § 2284(a)("A district court of three

---

[1]  Respondent was directed to file a response to petitioner's Rule 60(b) motion on December 8, 2009, and again on December 31, 2009.  To date, respondent has not done so.

judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."); Loeber v. Spargo, No. 04-CV-1193, 2008 WL 111172, at *2 (N.D.N.Y. Jan. 8, 2008)(Kahn, J.)("When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determine whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute.")(quoting Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715 (1962)(discussing pre-1976 version of §2284)).

## II.  Motions for an Evidentiary Hearing and Appointment of Counsel

Petitioner has moved for an evidentiary hearing and for the appointment of counsel.  Dkt. No. 30.  He argues that there are certain legal materials no longer available to him in prison; that the claims in his motion are complex; and that he suffers from mental health issues.  Id. at 6-7. Petitioner argues that this Court previously erroneously denied his request for counsel, which is "one of the main reasons why the denial of petitioner's Writ of Habeas Corpus cannot stand[.]" Id. at 1. Petitioner states that he should be permitted counsel, and an evidentiary hearing, in order to present evidence relating to a letter written by Judge Jerome J. Richards, a St. Lawrence County Court judge who prosecuted petitioner.  In the letter dated January 26, 2009, Judge Richards recommended to the New York State Division of Parole that petitioner be paroled. See Dkt. No. 28-1, Ex. H at 1.

There is no constitutional right to representation by counsel in habeas corpus proceedings. See Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993); Urrutia v. Green, No. 05-CV-6153, 2007 WL 1114103, at *1 (W.D.N.Y. Apr. 12, 2007)(citing McClesky v. Zant, 499 U.S. 467, 495 (1991)); Soto v. Walker, No. 00-CV-0197, 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005)(McAvoy, S.J.). A court may, however, in its discretion, appoint counsel where "the interests of justice so require[.]" See 18 U.S.C. §3006A(a)(2)(B).  In determining whether to appoint counsel, a habeas court should "consider the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court."  Soto, 2005 WL 2260340, at *4. See Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986). Counsel must be appointed when an evidentiary hearing is necessary in order to resolve the issues raised in a habeas petition. See Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts; Chandler v. Girdich, No. 04-CV-432, 2007 WL 1101106, at *1 (W.D.N.Y. Apr. 12, 2007).  When an evidentiary hearing is not required, and the petitioner's claims may "fairly be heard on written submissions," a habeas petitioner's request for counsel should ordinarily be denied. See Brito v. Burge, No. 04 Civ. 1815, 2005 WL 1837954, at *1 (S.D.N.Y. Aug. 3, 2005)(citing Coita v. Leonardo, No. 96-CV-1044, 1998 WL 187416, at *1 (N.D.N.Y. Apr. 14, 1998)(Pooler, J)).

Petitioner's claims in his Rule 60(b) motion may be fairly heard based upon his written submissions which include the letter from Judge Richards. Thus, an evidentiary hearing is not necessary, and the appointment of counsel on behalf of

- 4 -

petitioner is unwarranted.  Petitioner's motions for appointment of counsel and for an evidentiary hearing will therefore be denied.

### III.  **The Motion**

Rule 60(b) of the Federal Rules of Civil Procedure provides that a district court, "[o]n motion and upon such terms as are just, . . . may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for one of several enumerated grounds, including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. 60(b). Subsections one through five set forth specific grounds for relief.  Id. at 60(b)(1)-(5).  Under subsection six, relief may be granted "for any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The Supreme Court has interpreted subsection six as requiring a showing of "extraordinary circumstances" to "justify[ ] the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); see also Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988) ("[Rule 60(b)(6)] should only be applied in extraordinary circumstances").

A Rule 60(b) motion may be used to attack "the integrity of the previous habeas proceeding," but it may not be used as a vehicle to attack "the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); see Gonzalez, 545 U.S. at 529 (a Rule 60(b) motion may be appropriate under 28 U.S.C. § 2254 if the motion "attacks not the substance of the federal court's resolution of a claim on the merits, but some defect[2] in the integrity of the federal habeas

---

[2]  "Fraud on the federal habeas court is one example of such a defect." Gonzalez, 545 U.S. at 532 n. 5.  Other examples include claims that a default judgment was mistakenly entered against a

proceedings."). Rule 60(b) motions also may not be used to circumvent the AEDPA's

restriction on the filing of second or successive habeas petitions.  28 U.S.C. §

2244(b)(1)-(3).[3] Gonzalez, 545 U.S. at 531 ("A habeas petitioner's filing that seeks

vindication" of a previously denied claim is, "if not in substance a 'habeas corpus

application,' at least similar enough that failing to subject it to the same requirements

would be inconsistent with the [AEDPA].").  A Rule 60(b) motion should be treated as

a second or successive habeas petition under the AEDPA when

> it seeks to add a new ground for relief . . . [or] attacks the federal
> court's previous resolution of a claim *on the merits*, since alleging
> that the court erred in denying habeas relief on the merits is effectively
> indistinguishable from alleging that the movant is, under the substantive
> provisions of the statutes, entitled to habeas relief.

Gonzalez, 545 U.S. at 532 (footnote omitted)(emphasis in original). A claim has been

resolved "on the merits" when the district court has made "a determination that there

exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28

U.S.C. §§ 2254(a) and (d)." Id. at 532 n. 4. However, a petitioner is not making a

habeas claim if he "merely asserts that a previous ruling which precluded a merits

determination was in error – for example, a denial for such reasons as failure to

exhaust, procedural default, or statute-of-limitations bar." Id. If a Rule 60(b) motion

simply attacks the petitioner's underlying conviction or sentence, a district court may

---

party , or that the judgment is void for lack of subject matter jurisdiction.  Id. at 532, 534.

[3]  In order to file a successive section 2254 petition, a petitioner must first file an application
with the appropriate Court of Appeals for an order authorizing the district court to consider it. See 28
U.S.C. § 2254; 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Second Circuit, a district
court lacks jurisdiction to consider a successive habeas petition. Torres v. Senkowski, 316 F.3d 147,
149 (2d Cir. 2003) (stating that "the authorization requirement [for second or successive habeas
petitions] is jurisdictional and therefore cannot be waived").

treat the motion as a second or successive habeas petition and transfer it to the

appropriate Court of Appeals for possible certification, or deny the portion of the

motion attacking the underlying conviction " 'as beyond the scope of Rule 60(b).' "

Harris, 367 F.3d at 82 (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir.

2002)).

     In this case, petitioner's motion is brought pursuant to Rule 60(b)(6).  Motions

brought under subsection six must be filed "within a reasonable time." Fed R. Civ. P.

60(b). To determine whether a 60(b)(6) motion is timely, a court must "look at the

particular circumstances of each case and 'balance the interest in finality with the

reasons for delay.' " Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n. 8

(2d Cir. 2006) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir.1987)),

*cert. denied* 549 U.S. 1114 (2007).

     Here, the judgment dismissing the habeas petition was entered on May 2,

2007.  Dkt. No. 19. The Second Circuit denied a certificate of appealability on

September 28, 2007. Dkt. No. 26. Petitioner filed this motion on December 7, 2009 -

over two years later.  Thus, petitioner's motion was not made within a reasonable

time.  See DiGirolamo v. United States, 279 Fed. Appx. 37, 39 (2d Cir. 2008)(Rule

60(b)(6) motion made three years after late was unreasonable); see Kellogg v.

Strack, 269 F.3d 100, 104 (2d Cir.2001) (finding a delay of twenty-six months before

filing a Rule 60(b) motion to be "a patently unreasonable delay absent mitigating

circumstances") (citing Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir.1995) (finding

that a Rule 60(b) motion made eighteen months after judgment was not made within

a reasonable period of time), *cert. denied* 535 U.S. 932 (2002); Williams v. Pastena,

No. 96 Civ. 5902, 2005 WL 1107051, at *2 (S.D.N.Y. May 10, 2005)("Delays of eighteen months or more, absent mitigating circumstances, have been deemed unreasonable.").

While conceding that his motion is untimely, petitioner asserts that extraordinary circumstances justify his delay.  Dkt. No. 28-2, Mem. at 17-19. In order to obtain relief under Rule 60(b)(6), a petitioner must demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment," which "will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535.  Petitioner asserts that he was acting *pro se*, he was in involuntary protective custody while his motion for a certificate of appealability was pending, and he suffered from mental health issues.  Dkt. No. 28-2 at 19-20. Such statements are inadequate to show the extraordinary circumstances necessary to justify vacating the judgment denying his habeas petition.  Matarese v. LeFevre, 801 F.2d 98, 107 (2d Cir. 1986) (petitioner's claims "(1) that the district court had misapplied the rule of *Sandstrom v. Montana*; and (2) that he had not filed a notice of appeal from the 1981 Judgment principally because he had been proceeding *pro se*, had been ignorant of his right to appeal or to seek a certificate of probable cause, was uneducated, had difficulty reading at a fifth grade level, and no one at the prison at which he was then incarcerated would give him any advice as to his legal rights" were inadequate to show extraordinary circumstances for purposes of Rule 60(b)(6)), *cert. denied* 480 U.S. 908 (1987); Brown v. Nelson, No. 05 Civ. 4498, 2008 WL 4104040, at *3 (S.D.N.Y. Aug. 29, 2008)(claims that petitioner was unable to file an amended complaint within the time allotted by the court because he suffered "ongoing discrimination/retaliation", was denied "meaningful access to the law library

[and] . . . [the] right to hav[e] a 'legal assistant' from [the] law library" insufficient to constitute extraordinary circumstances); <u>Williams v. New York City Dep't of Corr.</u>, 219 F.R.D. 78, 85 (S.D.N.Y. 2003) (holding that *pro se* plaintiff's inability to "identify an accessible law library," "lack of understanding" of Court's requests and required documents, and "failure of the Pro Se Office" to assist her were not extraordinary circumstances justifying relief under Rule 60(b)); <u>see</u> <u>New Card, Inc. v. Glenns</u>, No. 00 Civ. 4756 (RMB), 2004 WL 540417, at *4 (S.D.N.Y. Mar. 18, 2004) (finding no extraordinary circumstances to reopen default judgment when movant's reason for failing to appear was due to illness), <u>aff'd</u>, 137 Fed. Appx. 384, 387 (2d Cir. 2005).

Moreover, while "couched in the language of a true Rule 60(b)(6) motion," petitioner's claims do not satisfy that subsection. <u>See</u> <u>Gonzalez</u>, 545 U.S. at 531. He does not attack the original habeas proceedings on any procedural grounds.  Instead, he reiterates his claim that counsel misinformed him that whether he pleaded guilty or was convicted following a trial, he would not be treated as a persistent felony offender.  Dkt. No. 28-2, Mem. at 6-7.  He further argues that his case differs from <u>Aeid v. Bennet</u>, 296 F.3d 58 (2d Cir. 2002), *cert. denied* 537 U.S. 1093 (2002) because although petitioner was not entitled to a plea offer to second degree assault for an illegal sentence of two to four years, a second plea offer was made that would have permitted him to plead guilty to the non-violent crime of second degree attempted assault with a legal sentence.  <u>Id</u>. at 8-9. Petitioner states that had he received accurate information, he would have opted to plead guilty to attempted assault. <u>Id</u>. at 9. He claims that this Court disregarded the existence of the offer to

plead to attempted second degree assault. Id. at 9-10. In essence, his argument is

that this Court incorrectly denied his habeas petition on the merits.

As petitioner concedes, he raised the same claims in his habeas petition, and

in his later objections to Judge Homer's Report and Recommendation, which were

considered by this Court and denied.  See Dkt. No. 28-2 at 15-16; Dkt. No. 28-3, Ex.

B, Objection to Recommendation for Denial of Writ of Habeas Corpus, at 2 (citing

Pet. at 14, 21, 22, 24, 26, and Record on Appeal at 7a and 19a)(also at Dkt. No. 16).

See also Dkt. No. 18 at 2 ("Based upon a de novo determination of the report and

recommendation, including the portions to which petitioner objected, the Report-

Recommendation is accepted and adopted in whole."). The arguments in his motion

are therefore beyond the scope of Rule 60(b) review.

The letter petitioner has attached from Judge Richards does not change that

result.  Judge Richards wrote the letter to the Parole Board in response to petitioner's

request for assistance.  In the letter, Judge Richards states that:

> [p]rior to trial [petitioner] was offered a plea whereby he could have
> avoided being treated as a persistent violent felony offender. Over-
> looked and never discussed during plea negotiations prior to trial was
> the fact that if [petitioner] was convicted of a violent felony it was
> mandatory that he be sentenced to a life sentence . . . I can only
> speculate but I am quite certain that if [petitioner] could do it all over
> again he would opt for the offer of pleading to the class E non-violent
> felony of Attempted Assault Second and being sentenced to 2-4 years.
> However . . . the fact that he was a persistent violent felony offender
> only came on everyone's radar screen once he had been convicted by
> the jury.

Dkt. No. 28-3, Appendix, at Exhibit H.  See Dkt. No. 28-2 at 13-14.  The content of

the letter simply mirrors the claims already raised by petitioner and rejected in both

the state court and by this Court. Dkt. Nos. 15, 18.  See Dkt. No. 28-3, Ex. E at 4

(Decision and Order, Nicandri, J.)(finding counsel was not ineffective for conveying incorrect advise regarding persistent felony offender status and noting "[t]he question remains whether the defendant, as he now claims, would have opted to plead to Attempted Assault 2nd, which is a non-violent felony, with a corresponding mandatory consecutive sentence. The court is sure, that, with the benefit of hindsight after the jury's guilty verdict, defendant's answer would be in the affirmative," and noting that the court would not have accepted a plea "to a non-violent felony offense with an unauthorized concurrent sentence commitment of 2-4 years."); Dkt. No. 10, Respondent's Response to the Petition, at 11-13 (citing the Decision and Order); Dkt. No. 14, Traverse at 2. Petitioner also raised these arguments in his application for a certificate of appealability, which was denied by the Second Circuit. Dkt. No. 28-3, Ex. E, at 2-4 (also at Dkt. No. 21).

Thus, the letter written by Judge Richards does not constitute an extraordinary circumstance that warrants vacating the judgment in this case. See, e.g., Earle v. United States, No. 02 Civ. 0432, 2004 WL 1367162, at *2 (S.D.N.Y. Jun. 17, 2004)(new evidence in form of a car accident report and the report of a government agent who interviewed the petitioner about the whereabouts of the car in 1997 did not raise extraordinary circumstances required for relief under Rule 60(b) because it did not present any reason why the court should reconsider its determination that the petition was not timely filed, and it did not indicate that the government misrepresented any facts to the Court).

"As explained in *Gonzalez*, challenging a prior denial of a habeas claim on the merits is effectively a challenge to the underlying conviction, and thus, outside the

scope of Rule 60(b)." <u>Ackridge v. Barkley</u>, No. 06 Civ. 3891, 2008 WL 4555251, at *7 (S.D.N.Y. Oct. 7, 2008)(citing <u>Gonzalez</u>, 545 U.S. at 532).  Since petitioner's motion attacks the constitutionality of his underlying criminal conviction and simply reiterates the same arguments previously made in his petition, it is outside the scope of Rule 60(b) and will be denied with prejudice.

THEREFORE, it is

ORDERED, that

1.  Petitioner's application to proceed *in forma pauperis* (Dkt. No. 29) is GRANTED for the sole purpose of filing the Rule 60(b) motion;

2.  Petitioner's request that a three-judge panel review his Rule 60(b) motion (Dkt. 28) is DENIED WITH PREJUDICE;

3.  Petitioner's motions for counsel and an evidentiary hearing (Dkt. No. 30) are DENIED WITH PREJUDICE;

4.  Petitioner's Rule 60(b) motion (Dkt. No. 28) is <u>DENIED WITH PREJUDICE</u>; substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2);

5.  No certificate of appealability shall issue because petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2); and

6.  The Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   February 16, 2010
         Utica, New York.